**Vincent Kenneth MacGILFREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–00–274 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 21, 2001.

Decided Aug. 29, 2001.

---

David W. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Asst. District Attorney, Beaumont, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

A jury found appellant Vincent Kenneth MacGilfrey guilty of aggravated sexual assault[1] of a child (M.L.) and assessed his punishment at fifty years in the Texas Department of Criminal Justice—Institutional Division.

Raising a single issue on appeal, MacGilfrey contends the trial court abused its discretion in finding that the victim's "outcry statement" was admissible under Article 38.072 of the Texas Code of Criminal Procedure. Specifically, he maintains the outcry statement "did not contain enough specificity," since it failed to mention any time frame within which the alleged act occurred.

■ The relevant provisions of the law regarding the admissibility of a child's hearsay statement concerning the offense are set out below:

**Art. 38.072 Hearsay Statement of Child Abuse Victim**

Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

---

1. The elements of aggravated sexual assault of a child relevant to this cause are the following: a person intentionally or knowingly causes the penetration of the female sexual organ of a child by any means, and the complainant was younger than fourteen years of age. *See* Act of May 28, 1997, 75th Leg., R.S., ch.1286, § 2, sec. 22.021, 1997 Tex. Gen. Laws 4911–4912 (amended 1999) (current version at TEX. PEN.CODE ANN. § 22.021(a)(1)(B), (2)(B) (Vernon Supp. 2001)).

. . . .

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years or age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

. . . .

(2) the trial court finds, in a hearing conducted outside the presence of the jury, **that the statement is reliable based on the time, content, and circumstances of the statement;** and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.[2]

TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp.2001) (emphasis added)(footnote added). In determining the admissibility of such testimony, the trial judge has broad discretion, and the trial judge's determination will not be disturbed absent a clear abuse of discretion established by the record. *See Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Crim.App.1990).

■ Pursuant to MacGilfrey's objection regarding reliability of the child's outcry statement and the requirements of Article 38.072 § 2(b)(2), the trial court held a hearing outside the presence of the jury to determine the admissibility of the child's hearsay statement. The trial judge heard evidence that M.L. first made a statement to her aunt, Nerissa Thompson, regarding sexual acts performed on M.L. by her stepfather, Vincent MacGilfrey. Thompson testified M.L. was over at Thompson's house when M.L. asked if she could spend the night with a friend. Thompson told M.L. she did not need to spend the night so soon again with a friend. M.L. began to cry. When Thompson pressed the child for a reason for being so upset, M.L. replied, "I can't tell. Just forget it." Ultimately, M.L. told her aunt that Vince [MacGilfrey] touched her "privates." Pointing to her vagina, M.L. stated MacGilfrey put his fingers in there. The child further explained that "it hurts really bad." Thompson testified she then called M.L.'s mother, who "immediately came to get her." Upon hearing the testimony of M.L's aunt, the trial judge concluded the "circumstances under which the statements were made [were] reliable" and found the evidence admissible. Appellant made no further objection at trial regarding the outcry statement.[3]

MacGilfrey directs us to that portion of the statute setting out the parameters of the section 38.072 hearing conducted outside the presence of the jury. At that hearing, the trial court determines whether the child's statement describing the offense to the outcry witness is "reliable based on the time, content, and circumstances of the statement[.]" *See* art. 38.072 § (2)(a),(b)(2). MacGilfrey claims the child's statement, described above, is

---

**2.** *M.L. testified at trial.*

**3.** Although it could, perhaps, be argued that appellant did not preserve his claim for review, we address his complaint on appeal, since he did raise the issue of the "reliability" of the statement below and obtained a ruling on it from the trial judge. *See* TEX.R. EVID.

103(a)(1) ("When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating these objections.").

not time specific and does not provide him sufficient notice of the event alleged. Because of the lack of time specificity, MacGilfrey maintains the statement is merely a "general allegation of sexual abuse."

■ MacGilfrey has misinterpreted the statute. In article 38.072 § 2(b)(2), the prepositional phrase "of the statement" serves to explain which "time, content, and circumstances" is being referred to and the phrase does not refer to the time and/or date of the alleged wrongful act. Instead, the phrase "time, content, and circumstances of the statement" refers to the time the child's statement was made to the outcry witness, the content of the child's statement, and the circumstances surrounding the making of that statement.

■ We construe the meaning of the sentence's language according to rules of grammar and common usage unless they have acquired a technical or particular meaning. *See Ex parte Kuester*, 21 S.W.3d 264, 266 (Tex.Crim.App.2000); TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). The language in question does not have a technical meaning; therefore, we employ common usage and grammar rules. Nowhere does the sentence in the statute direct the reader to the time of the event or incident. To the contrary, it is the time, content, and circumstances of the making of the statement that are at issue in section 2(b)(2). The child is not required, as appellant appears to urge, to give an actual date or the time frame of the occurrence described in the outcry statement.

■ As to the statement's required level of specificity, the Court of Criminal Appeals has held that "the statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91. The statement must describe the offense in some discernible way. *Id.* We do not interpret the statute as requiring the child's initial outcry statement to contain specific dates or time frames. Here, the child's statement was more than a general allusion to sexual abuse. M.L. explicitly described the sexual assaults performed on her by MacGilfrey; the details described in the outcry statement clearly put appellant on notice of the specific nature of the offense alleged.

■ MacGilfrey points out that "an outcry witness is not person specific, but is event specific[,]" and directs us to *Broderick v. State*, 35 S.W.3d 67 (Tex.App.— Texarkana 2000, pet. ref'd). However, *Broderick* does not support the proposition urged by MacGilfrey. Rather than dealing with the time specificity of the contents of the child's statement, *Broderick* addresses the question, in light of the statute, of which person, and under what circumstances more than one person, may be an outcry witness. *Id.* at 72–75. It was in that context that the *Broderick* court explained that an outcry witness is "not person-specific, but event-specific." *Id.* at 73. More than one outcry witness may testify when the outcry is about different events and is not simply a repetition by the victim of a description of the same event to different people. *Id.*

■ Here, there is no dispute that M.L.'s aunt was the first person to whom M.L. described the abuse. M.L.'s description was more than a general allusion to sexual abuse. Furthermore, the State did not allege multiple acts in the indictment, and it did not attempt to convict MacGilfrey of multiple acts. Both the outcry statement and the indictment gave appellant sufficient notice of the offense charged. Appellant's complaint regarding time specificity has no merit. We conclude the trial judge did not abuse his discretion

in finding that the outcry statement was reliable and in admitting the outcry witness's testimony. Point of error one is overruled. The judgment of conviction is affirmed.

AFFIRMED.