**Opinion filed September 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00297-CR
_____

## WILLIAM LEN RAINEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 22962**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of the second-degree felony offense of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2011). After it found the enhancement paragraph to be true, the trial court assessed Appellant's punishment at confinement for life. *See* PENAL § 12.42(c)(2)(A)(i), (c)(2)(B)(ii) (West Supp. 2014) (providing that a defendant shall be punished by imprisonment for life if convicted of an offense under

Section 21.11(a)(1) and if previously convicted of an offense under Section 21.11). We affirm.

Appellant presents two issues on appeal. In both issues, Appellant challenges the trial court's rulings with respect to the outcry witness. Appellant asserts in his first issue that the trial court improperly designated the witness as an outcry witness and, as a result, allowed inadmissible hearsay testimony. Specifically, Appellant contends that the outcry witness was not the first person to whom the complainant made an outcry statement. In his second issue, Appellant argues that the trial court abused its discretion when it determined that the outcry statement was reliable.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.* Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute, the Rules of Evidence, or other rules prescribed under statutory authority. TEX. R. EVID. 802. One such exception to the hearsay rule is embodied in Article 38.072 of the Texas Code of Criminal Procedure. Article 38.072 provides that a child victim's "outcry" statement is not inadmissible because of the hearsay rule if (1) the State gives the defendant proper notice; (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and (3) the child testifies. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b) (West Supp. 2014). An "outcry" statement is defined as a victim's statement that describes the alleged offense and that is made to the first person, eighteen years of age or older, to whom the victim tells about the offense. *Id.* § 2(a).

The record shows that the State provided Appellant with notice that it intended to introduce the complainant's outcry statement through Officer Nickie Gonzales.

2

The trial court held a hearing outside the presence of the jury regarding the outcry witness. At the hearing, the prosecutor and Officer Gonzales represented that the complainant, Appellant's daughter, was present and available to testify. Officer Gonzales testified that the complainant made statements to her on December 31, 2011, at the Snyder Police Department regarding being sexually abused by Appellant. To her knowledge, she was the first person that the complainant told about the abuse in serious detail. The complainant told Officer Gonzales that she and Appellant were in the kitchen, that Appellant pulled down her shirt, and that Appellant rubbed her left breast in a circular motion. The complainant told Appellant to stop, and he complied. Appellant then put his hand on the button area of her pants, and she pushed his hand away and told him to leave her alone. Appellant told her not to say anything because he would be in serious trouble. The incident occurred in Gorman. Officer Gonzales testified that the complainant was "[v]ery upset, crying, hurt." She was also very angry when she talked about Appellant touching her breast.

At the hearing, Appellant argued that the statement was not reliable because the officer was not told when the offense allegedly occurred. The trial court found that the statement met the requirements of Article 38.072, and it ruled that the outcry testimony was admissible. On appeal, Appellant contends that Officer Gonzales was not the first person to whom the complainant made an outcry statement. Instead, Appellant alleges that the complainant first told her aunt about the incident; that, as a result, her aunt called the police; and that the complainant then told Officer Gonzales what happened. However, there was no mention of the complainant's aunt during the admissibility hearing. Therefore, when the trial court made its ruling, there was no evidence before the court to suggest that Officer Gonzales was not the first person to whom the complainant described the sexual abuse in detail.

Furthermore, the record at trial shows that the complainant did not tell her aunt about the abuse in great detail but, instead, just told her "[a] little bit."

Appellant also argues that the trial court abused its discretion when it determined that the outcry statement was reliable because the State failed to offer sufficient evidence at the hearing to show that the statement was reliable under the factors listed in *Norris v. State*, 788 S.W.2d 65, 71 (Tex. App.—Dallas 1990, pet. ref'd). In *Norris*, the court suggested eleven factors that "the trial court may consider" when it determines whether an outcry statement is reliable. 788 S.W.2d at 71 (citing *Buckley v. State*, 758 S.W.2d 339, 343–44 (Tex. App.—Texarkana 1988), *aff'd*, 786 S.W.2d 357 (Tex. Crim. App. 1990)). While the factors might be useful, they are not mandatory. *See, e.g.*, *Kennedy v. State*, No. 11-13-00164-CR, 2014 WL 4071647, at *3 (Tex. App.—Eastland Aug. 14, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that "the *Buckley* indicia of reliability merely provide guidance"). Therefore, the trial court was not required to consider each and every factor before it found the complainant's statement to be reliable. *See id.* (holding that the trial court was not required to consider every indicia of reliability in *Buckley* before it found the statement to be reliable).

The Court of Criminal Appeals has explained that Article 38.072 "charges the trial court with determining the reliability based on 'the time, content, and circumstances of the statement;' it does not charge the trial court with determining the reliability of the statement based on the credibility of the outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 487–88 (Tex. Crim. App. 2011) (footnote omitted). The time of the statement refers to the time that the child makes the statement to the proffered outcry witness. *Broderick v. State*, 89 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (citing *MacGilfrey v. State*, 52 S.W.3d 918, 921 (Tex. App.—Beaumont 2001, no pet.)). Here, the complainant made a statement to Officer Gonzales on December 31, 2011. Although Officer

4

Gonzales did not know when the abuse occurred, the indictment alleged that the abuse occurred on or about August 30, 2011. Thus, the timing of the outcry was approximately four months from when the abuse occurred. As to the content of the statement, the record shows that the complainant described the incident in detail. The circumstances of the statement refers to the circumstances surrounding the making of the statement. *See id.* This factor was not developed at the hearing. The record shows that the complainant made the statement at the Snyder Police Station, but it does not indicate why the complainant went to the police station, who took her there, or any other information about the circumstances of her statement. It was not until trial, after the outcry witness testified on direct examination, that the outcry witness and the complainant explained the circumstances surrounding the making of the statement.

Although the record was scant as to the time, content, and circumstances of the statement, we cannot say that the trial court acted outside the "zone of reasonable disagreement" when it found that the statement was reliable. *Montgomery*, 810 S.W.2d at 391. Moreover, even if the trial court erred when it found that the outcry statement was reliable and when it allowed Officer Gonzales to testify as the outcry witness, any error was harmless and, therefore, is not reversible. *See* TEX. R. APP. P. 44.2(b).

The improper admission of evidence is harmless when the same facts are proven by other properly admitted evidence. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). Here, the complainant testified to the details of the incident. She said that, sometime around August 2011, she played in a softball game and that, when she came home that night, she showered. After she showered, she went to the kitchen to eat. Appellant told her that she looked beautiful and called her over to him. He pulled down her shirt and rubbed her breast with his fingers in a slow circular motion. The complainant slapped his hand away and tried to bite him. Her

5

mom came in the kitchen for a brief period of time to see what was going on but then left. After her mom left, Appellant grabbed the complainant's arm and tried to put his hand on the button of her pajama pants. She again slapped his hand away and also tried to kick him in "the bad spot." He told her not tell anyone because he did not want to get in trouble. She ran to her sister's room. Several months later, she told her aunt about the incident, and then she made a statement to Officer Gonzales. Because the complainant's testimony proved the same facts that were admitted through Officer Gonzales's hearsay testimony, any error in the admission of Officer Gonzales's testimony was harmless. *See Brooks*, 990 S.W.2d at 287. We overrule Appellant's first and second issues.

We affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

September 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[1]

Bailey, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.