

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00164-CR

---

JEREMY JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0176, Honorable Douglas H. Freitag, Presiding

---

November 19, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

A jury found Jeremy Johnson, Appellant, guilty of continuous sexual abuse of a child under 14 years of age.[1]  Appellant raises two issues on appeal challenging the admission of evidence.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b).

**BACKGROUND**

S.C. was raised by his mother, "Sheila," and stepfather, "Aaron."[2] Sheila and Aaron separated when S.C. was 11 years old. Sheila and her children eventually moved from Texas to Oklahoma. S.C. and his younger sister went to Lubbock almost every other weekend to visit Aaron. Aaron lived with his girlfriend and some of her children, including Appellant. Appellant is seven years older than S.C.

When S.C. was 14 years old, he began to experience pain when he urinated. He revealed the problem to Sheila, who took him to see a doctor. S.C. tested positive for gonorrhea. Sheila questioned him about his sexual activity so that his partner could be informed and get treatment. S.C. was initially unwilling to reveal anything to his mother, but he eventually told her that Appellant had been sexually abusing him for the previous three years.

Sheila contacted the police in Oklahoma and took S.C. to have a forensic interview at a children's advocacy center. Following the interview, S.C. was admitted to a mental health treatment facility for inpatient treatment for suicidal ideation. Oklahoma law enforcement shared the case information with the Lubbock Police Department, which began an investigation. Appellant was charged with committing continuous sexual abuse of a child under 14 occurring from on or about September 4, 2013, through September 3, 2016.

---

[2] To protect the identity of the victim, we use initials to identify him and pseudonyms to identify his parents. *See* TEX. R. APP. P. 9.10(a)(3).

The case was tried to a jury in February of 2024. The jury found Appellant guilty and the trial court assessed punishment at life imprisonment.

## ANALYSIS

Admission of Outcry Statement

In his first issue, Appellant asserts that the trial court erred by allowing outcry witness Lara Welch to testify "without regard to specific points in time" and by allowing her to state that the last incident of abuse was around Easter of 2017. We review a trial court's determination on the admissibility of an outcry statement for an abuse of discretion. *Robinett v. State*, 383 S.W.3d 758, 761 (Tex. App.—Amarillo 2012, no pet.). A trial court only abuses its discretion in admitting outcry testimony if its decision falls outside the zone of reasonable disagreement. *Id.*

Before trial, the trial court held a hearing to determine the reliability of the State's outcry evidence pursuant to article 38.072 of the Texas Code of Criminal Procedure (an "outcry hearing"). Testimony offered at the outcry hearing revealed that Sheila was the outcry witness for S.C.'s statement that Appellant had been sexually abusing him since he was 11, and Welch, who conducted the forensic interview of S.C., was the outcry witness for specific incidents disclosed by S.C. The trial court ruled that outcry statements regarding any acts "that occurred prior to [S.C.] turning 14 would be admissible as that would still be under the continuous statute." Because S.C. turned 14 in September of 2016, the trial court determined that an incident that S.C. had described to Welch as occurring around Easter of 2017 could not be offered through an outcry witness.

3

At trial, Welch testified that she conducted a forensic interview with S.C. in May of 2017. Appellant's counsel immediately objected that her testimony was improper because there had been "no showing except as to the 7th grade as to when the allegation took place." The trial court overruled the objection but granted Appellant a running objection.

Welch testified that S.C. described Appellant's sexual abuse using both "episodic memory," or memories of specific individual events, and "script memory," or more general memories of repeated occurrences. Welch testified about repeated occurrences of sexual abuse that S.C. disclosed to her, including Appellant touching S.C.'s penis, Appellant penetrating S.C.'s anus with his penis, and Appellant causing S.C. to penetrate Appellant's anus with his penis. Welch also testified that S.C. described one specific encounter in which Appellant wore a condom. When asked what grade S.C. was in when that occurred, Welch responded, "I believe the only time we talked about a grade was when he was going into the 6th grade." On cross-examination, Welch testified that it was her understanding that the acts of abuse took place from the time S.C. was in sixth grade through the time of the outcry. Appellant's counsel questioned her about when specific incidents occurred:

> Q: So you weren't able to ascertain specific times that an event happened, but only on a couple of occasions?
>
> A: Three total, yes, sir.
>
> Q: And that would be Easter of 2017; is that correct?
>
> A: That is correct.
> . . .
> A: Are you asking for the three specific times –

4

Q: Yes.

A: -- that we discussed?

Q: Yes.

A: That would have been the first time going into 6th grade to be [sic] the time that [Appellant] wore a condom, and the last time being Easter weekend.

Q: What time – what time when he wore a condom did that happen?

A: I don't recall.  I knew it was sometime between the first and the last. . . .

Article 38.072 of the Texas Code of Criminal Procedure describes the proper outcry witness as "the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense."  TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(2).  To constitute an admissible outcry, the statement must describe the alleged offense in some discernible manner and "must be more than words which give a general allusion that something in the area of child abuse was going on."  *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).  The statute does not require the disclosure to include a concrete date or time of the abuse to be a reliable outcry statement.  *See MacGilfrey v. State*, 52 S.W.3d 918, 921 (Tex. App.—Beaumont 2001, no pet.) ("We do not interpret the statute as requiring the child's initial outcry statement to contain specific dates or time frames.").

Although Welch's testimony indicates that S.C.'s statement to her did not identify specific dates on which Appellant abused him, the statement clearly alleged multiple acts of sexual abuse by Appellant occurring over a period of time.  Moreover, Welch testified that she understood that the acts took place from the time S.C. was in sixth grade until

5

the time of the interview, when he was 14. S.C.'s statement to Welch described the alleged offense in a discernible way. *See* TEX. PENAL CODE ANN. § 21.02(b) (to establish offense of continuous sexual abuse of child, State must prove defendant committed two or more acts of sexual abuse against child under age 14 "during a period that is 30 or more days in duration"); *see also Baez v. State*, 486 S.W.3d 592, 595 (Tex. App.—San Antonio 2015, pet. ref'd) (offense of continuous sexual abuse was created "in response to a need to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse."). Given the broad discretion afforded trial courts in the admission of outcry testimony, we conclude that the trial court did not abuse its discretion in finding S.C.'s outcry to Welch to be admissible. We overrule the first part of Appellant's first issue.

Appellant further contends that Welch was impermissibly "allowed to state that she was told the last incident occurred on Easter of 2017."[3] As set forth above, Appellant's counsel directly asked Welch if one of the specific events described by S.C. occurred on Easter of 2017. Following cross-examination, counsel for the State approached the trial court to ask if she could question Welch further about the event "since Defense opened the door to that questioning." The trial court granted the request, with no objection from Appellant. The trial court could have reasonably concluded that Appellant opened the door to testimony concerning the Easter incident. *See Bowley v. State*, 310 S.W.3d 431, 435 (Tex. Crim. App. 2010) ("a party who 'opens the door' to otherwise inadmissible

---

[3] Because S.C. was over the age of 14 on Easter of 2017, the trial court had determined that this incident was an extraneous offense.

6

evidence risks the adverse effect of having that evidence admitted"). Therefore, we overrule the second part of Appellant's first issue.

Admission of SANE Evidence

In his second issue, Appellant asserts that the trial court erred by admitting evidence of the examination of S.C. performed by a sexual assault nurse examiner ("SANE"). We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016).

At trial, the State produced Dr. Carrie Edwards, a SANE and professor of nursing, to testify about the SANE's examination of S.C. She testified regarding such examinations in general and also regarding specific entries in S.C.'s report. When Edwards testified that S.C. reported to the SANE that the most recent instance of penile penetration occurred on Easter of 2017, Appellant's counsel objected, stating it violated "the outcry law." The State responded that the statement was made for medical purposes and the trial court overruled the objection. Appellant's counsel then objected that the testimony was hearsay and violated Appellant's rights to cross-examine and confront witnesses under the federal and state constitutions. The trial court overruled the objection but granted his request for a running objection to "this line of testimony."

On appeal, Appellant contends that admitting testimony regarding the SANE examination violated his Sixth Amendment confrontation rights because the SANE process is not intended to facilitate medical treatment or diagnosis, but rather to facilitate investigations by law enforcement. Although Appellant's objection at trial appears to be based on S.C.'s statements to the SANE rather than the SANE's statements contained in

7

the report, we will assume, without deciding, that Appellant's objection sufficed to preserve his complaint about other statements in the SANE report.[4]

The Confrontation Clause of the Sixth Amendment provides a right in both federal and state prosecutions to confront and cross-examine witnesses. U.S. CONST. amends. VI, XIV; *Pointer v. Texas*, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); *Woodall*, 336 S.W.3d at 641. To implicate the Confrontation Clause, an out-of-court statement must (1) have been made by a witness absent from trial, and (2) be testimonial in nature. *Woodall*, 336 S.W.3d at 642.

Medical reports created for treatment purposes generally are non-testimonial in nature and consequently are not subject to Confrontation Clause constraints. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009); *Murray v. State*, 597 S.W.3d 964, 974 (Tex. App.—Austin 2020, pet. ref'd) (statements in SANE examination report are non-testimonial when primary purpose of making statement was for medical treatment). We have held that a SANE's examination constitutes "medical diagnosis or treatment" and that a patient's statements during such examinations are excepted from hearsay under Texas Rule of Evidence 803(4). *Prieto v. State*, 337 S.W.3d 918, 920–21 (Tex. App.—Amarillo 2011, pet. ref'd); *Sharp v. State*, 210 S.W.3d 835, 839 (Tex. App.—Amarillo 2006, no pet.).

---

[4] To the extent that Appellant challenges statements made by S.C. to the SANE, we note that S.C. testified at trial and was subject to cross-examination. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Woodall v. State*, 336 S.W.3d 634, 642 (Tex. Crim. App. 2011) (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)).

Here, Edwards testified that the SANE examination involved obtaining a patient medical history, performing a head-to-toe examination, testing for sexually transmitted diseases when indicated, and providing medications and follow-up care, education, and counseling. She further testified that the reason for S.C.'s examination was because S.C. had disclosed sexual contact and had tested positive for gonorrhea. Because there was evidence before the trial court that the purpose of the SANE examination was for medical treatment, we conclude that the trial court did not err by allowing Edwards' testimony about the report. *See Michigan v. Bryant*, 562 U.S. 344, 361–62, 131 S. Ct. 1143, 179 L. Ed. 2d 93 (2011) (reports created primarily to render medical treatment are non-testimonial and "the Confrontation Clause does not require such statements to be subject to the crucible of cross examination"); *Berkley v. State*, 298 S.W.3d 712, 715 (Tex. App.—San Antonio 2009, pet. ref'd) (observing that "medical records, created for treatment purposes, are not 'testimonial' within the meaning of *Crawford*"); *Beheler v. State*, 3 S.W.3d 182, 189 (Tex. App.—Fort Worth 1999, pet. ref'd) (object of SANE is to ascertain whether individual has been sexually abused and whether further medical attention is warranted). We overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

9