NO. 07-10-00417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 12, 2012

MICKEY CHARLES ROBINETT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. CR11394; HONORABLE RALPH H. WALTON, JR., JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Mickey Charles Robinett appeals from his convictions by jury for aggravated sexual assault, sexual performance by a child, and indecent exposure and the resulting concurrent sentences. He presents two points of error. We will affirm.

Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence, so we discuss only the facts relevant to resolution of his two points of error. Those points involve the trial court's rulings on evidentiary matters.

The case involved allegations of acts committed against four girls. Two of the girls, H.H. and B.H., are sisters and were step-granddaughters of appellant. M.J. is their cousin; M.L. is their friend.

Evidence showed that M.L. first told her mother about events that occurred on a day on which she and the other three girls were visiting at appellant's home. M.L. told her mother that appellant had come out of the shower naked in their presence, and that she "saw his thing." She also told her mother that later the same day appellant took the girls "skinny dipping." M.L.'s mother contacted the mothers of the other girls.

The next day, M.J.'s parents and the mother of H.H. and B.H. met with their three girls, who had been with appellant on many occasions. After that conversation, police were called, and a deputy sheriff responded. The deputy also talked with the three girls.

The next day, all four girls were taken to the Children's Advocacy Center, where they were interviewed by Sharon Hardin.

Appellant was indicted in thirteen counts, alleging one or more acts against each of the four girls, occurring on or about dates ranging from March 2004 through May 2009. Six counts were abandoned by the State before trial and seven were submitted to the jury.

Prior to trial, the State notified the defense of its intention to offer Hardin's testimony as subject to the exception to the hearsay rule under article 38.072 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.072 (West 2009).

Appellant objected, and the court held a hearing, at which Hardin, M.J.'s mother, and the mother of B.H. and H.H. testified.

At the conclusion of the hearing, the trial court ruled "that the outcry witness as it relates to the alleged victims, that is [B.H., H.H. and M.J.], the outcry witness there who will testify concerning those allegations would be Sharon Hardin."

Of the seven counts submitted to the jury, two alleged aggravated sexual assaults of H.H. and B.H., based on contact between the girls' mouths and appellant's penis.[1]  Two counts alleged appellant induced H.H. and M.J. to engage in sexual conduct, bestiality, by causing a dog to lick the girls' sexual organs.[2]  Two counts alleged appellant induced H.H. and B.H. to engage in sexual conduct, masturbation. The final count alleged appellant committed indecency with a child by exposing his genitals to M.L.[3]

In her trial testimony, Hardin related that B.H. told her of her oral contact with appellant's penis, and told her that appellant told B.H. to pull down her pants and sit on a circular massager.  Hardin gave similar testimony of her interview with H.H., relating for the jury that the child told her of appellant's causing her to perform oral sex.  Hardin also said H.H. told her appellant caused H.H. to sit on the massager with her pants down, and on the same occasion allowed a dog to lick her sexual organ.  Hardin testified similarly of her interview with M.J., saying the child told her appellant "made

---

[1] Tex. Penal Code Ann. § 22.021 (West 2012).

[2] Tex. Penal Code Ann. §§ 43.25; 43.26 (West 2012).

[3] Tex. Penal Code Ann. § 21.11 (West 2012).

them pull down their pants and let the dog lick their private." Hardin said M.J. told her appellant was "laughing" as the dog licked her.

Appellant's theory at trial was the girls fabricated the allegations against him. Three witnesses, a neighbor, appellant's son, and appellant's grandson, testified they never witnessed any of the type of conduct described by the girls. Appellant also testified, denying each of the allegations.

The jury found appellant guilty of all seven submitted counts and assessed punishment 60 years of incarceration for each of the two aggravated sexual assault of a child convictions, 20 years for each of the four sexual performance by a child convictions and 10 years for the indecency with a child conviction. The sentences are concurrent. This appeal followed.

Analysis

Outcry Witness

Appellant's first issue challenges the trial court's ruling that the forensic interviewer Hardin was the proper outcry witness under article 38.072 as to the offenses against M.J., H.H. and B.H. The trial court overruled appellant's hearsay objection to her testimony.

We review a trial court's decision to admit an outcry statement for abuse of discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990); *see Martinez v. State*, 178 S.W.3d 806, 810 (Tex.Crim.App. 2005) (referring to article 38.072 as "a rule of admissibility of hearsay evidence" and describing its purpose). We will uphold the trial

court's ruling if it is within the zone of reasonable disagreement. *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); *Chapman v. State*, 150 S.W.3d 809, 813 (Tex.App.--Houston [14th Dist.] 2004, pet. ref'd).

Article 38.072 establishes an exception to the hearsay rule, applicable in proceedings for prosecution of certain listed offenses, for statements made by a child or disabled victim "to the first person, 18 years of age or older, other than the defendant, to whom the [victim] . . . made a statement about the offense." Tex. Code Crim. Proc. Ann. art. 38.072 (West 2009). To be admissible under article 38.072, outcry testimony must be elicited from the first adult to whom the outcry is made. *Chapman,* 150 S.W.3d at 812. Article 38.072 requires "that the outcry witness . . . be the first person, 18 years old or older, to whom the child makes a statement that in some discernible manner describes the alleged offense" and provides more than "a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *Brown v. State,* 189 S.W.3d 382, 386 (Tex.App.—Texarkana 2006, pet. ref'd).[4] Among the conditions for admissibility of such a statement is the requirement that the party

---

[4] We agree with the suggestion in *Brown* that analysis of the admissibility of outcry testimony should not focus on whether the proposed witness is the adult to whom the complainant first told "how, when and where" he was assaulted. *See Brown*, 189 S.W.3d at 386 (quoting *Hanson v. State*, 180 S.W.3d 726, 730 (Tex.App.—Waco 2005, no pet.)). Interestingly, the "how, when, where" listing makes no mention of the "who." In *Garcia*, the Court of Criminal Appeals, giving interpretation to the phrase "statement about the offense" in article 38.072, declined to read the phrase as meaning "any statement that arguably relates to what *later evolves into an allegation of child abuse against a particular person* . . . ." 792 S.W.2d at 91 (emphasis ours). The testimony quoted in the *Garcia* opinion with regard to statements made by the complainant to her teacher, who the defendant contended was the proper outcry witness, did not identify the alleged perpetrator of the abuse. *Id.* at 89-90.

intending to offer it notify the adverse party of the name of the witness through whom the party intends to offer the statement. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)(B) (West 2009).

Admissible outcry witness testimony is not person-specific, but event-specific. *Lopez v. State,* 343 S.W.3d 137, 140 (Tex.Crim.App. 2011); *West v. State*, 121 S.W.3d 95, 104 (Tex.App.—Fort Worth 2003, pet. ref'd); *Broderick v. State,* 35 S.W.3d 67, 73 (Tex.App.--Texarkana 2000, pet. ref'd). The proper outcry witness is not to be determined by comparing the statements the child gave to different individuals and then deciding which person received the most detailed statement about the offense. *Brown,* 189 S.W.3d at 386; *see Reed v. State,* 974 S.W.2d 838, 841 (Tex.App.--San Antonio 1998, pet. ref'd) (rejecting contention CPS worker should have been designated outcry witness because victims' statements to her were "more detailed"). However, because designation of the proper outcry witness is event-specific, when a child is victim to more than one instance of sexual assault, it is possible to have more than one proper outcry witness, so long as the outcries concerned different events and not simply repetition of the same event told to different individuals. *Brown,* 189 S.W.3d at 387; *see Lopez*, 343 S.W.3d at 140 ("[t]here may be only one outcry witness per event").

Here, appellant asserts H.H., B.H. and M.J. first told their mothers of appellant's sexual acts against them.[5] He also argues those girls' conversation with the deputy sheriff precludes Hardin's testimony as the outcry witness. We disagree.

---

[5] Hardin did not testify as the outcry witness as to the indecency with a child count involving M.L.

6

At the pretrial hearing, the mother of H.H. and B.H. testified her girls told her "they were made to touch [appellant's] private, and he was touching their private, and just doing bad things to the girls." These girls' statements to their mother that appellant was touching their privates, and made them touch his, do not refer to the oral-penile contact for which he was convicted. Because the analysis of outcry testimony under article 38.072 is event-specific, that the girls' mother might have been the proper outcry witness with respect to offenses involving the touching of genitals, does not mean she is the outcry witness for all offenses involving appellant and her daughters. She testified her daughters did not describe to her the events of oral-penile contact with appellant, and based on the mother's testimony, the trial court was correct to find the forensic interviewer was the first adult other than the defendant to whom each of the sisters "made a statement about the offense." Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(3) (West 2009); *see Garcia,* 792 S.W.2d at 91 (finding, based on teacher's testimony, that trial court did not abuse discretion by determining child protective specialist, not teacher, was proper outcry witness); *Brown,* 189 S.W.3d at 387 (possible to have more than one outcry witness, so long as testimony is to different events).

According to the testimony of M.J.'s mother, M.J. told her appellant "touched [her] tee-tee." Neither this statement, nor any of the girls' other statements to their mothers, made outcry of the events involving the licking dog or the circular massager.

Although one of the mothers gave inconsistent testimony at the pretrial hearing regarding the information the girls gave the deputy sheriff, the trial court could have believed, based on the testimony, that the girls did not tell the deputy sheriff anything

more than what they related to their mothers. *See Garcia*, 792 S.W.2d at 92 (trial court has broad discretion in making decisions as to outcry witnesses).

The trial court reasonably could have concluded the statements to the girls' mothers and the deputy sheriff described incidents distinct from those for which appellant was being tried. *Brown,* 189 S.W.3d at 386-87; *Broderick,* 35 S.W.3d at 73. The trial court did not abuse its discretion by determining Hardin was the first adult to whom the girls made a statement about the offenses being tried.[6] We overrule appellant's first point of error.

Restriction of Cross-Examination

During Hardin's trial testimony, defense counsel sought to show Hardin an offense report prepared by the sheriff's investigator to refresh her memory.[7] The trial court denied his request and, according to appellant, violated his constitutional rights by

---

[6] Even were we mistaken in our conclusion the trial court did not err by admitting Hardin's testimony, we could not find any error in its admission to be harmful. H.H., B.H. and M.J., who at trial ranged in age from ten to twelve years old, testified in some detail to appellant's offenses against them. In view of the victims' testimony, we are reasonably assured that any error in admitting Hardin's testimony did not influence the jury's verdict or had but a slight effect. *See* Tex. R. App. P. 44.2(b) (standard for harm from non-constitutional error); *West,* 121 S.W.3d at 105 (finding admission of hearsay testimony harmless in similar circumstance); *Mason v. State,* No. 07-10-00246-CR, 2011 Tex.App. Lexis 9107 (Tex.App.—Amarillo Nov. 15, 2011, pet. ref'd) (mem. op., not designated for publication) (similar analysis).

[7] Appellant states he sought to introduce the report to impeach Hardin, showing H.H. had been the victim of a sexual assault by another person. However, appellant does not further develop this argument, and we do not address it.

limiting his cross-examination of Hardin.  We agree with the State this issue was not preserved for appellate review.

A complaint on appeal must comport with the complaint made in the trial court or the error is waived.  Tex. R. App. P. 33.1; *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).  Here, appellant complains of constitutional violations and limitations on his cross-examination at trial.  However, the record shows those were not the bases for his objections at trial.  *See, e.g., Reyna v. State,* 168 S.W.3d 173, 179 (Tex.Crim.App. 2005) (noting the purpose of requiring an objection is to give the trial court or opposing party the opportunity to correct the error and when a defendant's objection encompasses complaints under both the rules of evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error).  Also, appellant provides no argument or authority with respect to his assertion his constitutional rights were violated.  *See, e.g., Russeau v. State,* 171 S.W.3d 871, 881 (Tex.Crim.App. 2005) (overruling points of error as inadequately briefed where appellant provided no argument or authority with respect to the protection provided by the Texas Constitution). For both those reasons, appellant's second point of error presents nothing for our review, and is overruled.

Having resolved both of appellant's points of error against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.