Opinion filed August 18, 2016



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00235-CR & 11-14-00236-CR

_____

## JESUS FELIPE LOPEZ A/K/A JESSE FELIPE LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR18774 & CR22354**

### M E M O R A N D U M   O P I N I O N

In a single proceeding, the trial court convicted Jesus Felipe Lopez a/k/a Jesse Felipe Lopez of continuous sexual abuse of a child and revoked his community supervision for state jail felony theft. With respect to the conviction for continuous sexual abuse, the trial court assessed Appellant's punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice without the possibility of parole. The trial court also sentenced Appellant to confinement in the

State Jail Division of the Texas Department of Criminal Justice for a term of two years after revoking his community supervision on the theft conviction. Appellant challenges both judgments in a single issue. He asserts that the trial court erred by permitting a police officer to testify as an outcry witness. We affirm.

*Background Facts*

Appellant was charged with continuous sexual abuse of a child in trial court cause no. CR22354. He appeals his conviction for this offense in our cause no. 11-14-00236-CR. The Texas Penal Code provides, in relevant part, that a person seventeen years of age or older commits an offense if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse against a child or children younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2016). An "act of sexual abuse" includes indecency with a child, other than touching the breast, as provided by Section 21.11(a)(1); sexual assault under Section 22.011; and aggravated sexual assault under Section 22.021. PENAL § 21.02(c)(2)–(4).

S.M.L. is Appellant's stepdaughter. She was under the age of fourteen at the times relevant to the offense. The indictment charged Appellant with committing the following acts during a period that was thirty or more days in duration:

> [I]ntentionally or knowingly causing the penetration of the sexual organ of S.M.L. by Appellant's sexual organ or finger;

> intentionally or knowingly engaging in sexual contact with S.M.L. by touching her genitals with the intent to arouse or gratify Appellant's sexual desire;

> intentionally or knowingly causing the penetration of the anus of S.M.L. by Appellant's sexual organ or finger; and

> intentionally or knowingly engaging in sexual contact with S.M.L. by touching her anus with the intent to arouse or gratify Appellant's sexual desire.

In trial court cause no. CR18774, Appellant pleaded guilty in 2007 to the offense of theft over $1,500 and under $20,000. Pursuant to a plea agreement, the trial court sentenced Appellant to confinement for a term of two years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $750. However, the trial court suspended the imposition of the confinement portion of Appellant's punishment by placing him on community supervision for a term of five years. The State filed a motion to revoke Appellant's community supervision in December 2012. The State alleged that Appellant violated the terms and conditions of his community supervision by committing the offense of aggravated sexual assault of a child on or about December 27, 2012. The facts serving as the basis for that allegation are part of the allegations that served as the basis for the continuous sexual abuse charge. The trial court considered the motion to revoke at the same time that it conducted a bench trial on guilt/innocence on the continuous sexual abuse charge.[1] The trial court found the allegation to be true, and it revoked Appellant's community supervision based upon this finding. Appellant challenges the judgment revoking his community supervision in our cause no. 11-14-00235-CR.

S.M.L. testified at length concerning Appellant's acts of sexual assault and sexual contact with her that spanned over two years. She was almost fifteen years old at the time of trial. S.M.L. was nine or ten when Appellant started the conduct. The initial incidents involved Appellant touching her in a manner that made her feel uncomfortable. S.M.L. testified that, when she was ten and in the fourth grade, Appellant gave her a horse but that she "had to do sexual things" with him in return

[1]Appellant was also charged with additional offenses in trial court cause no. CR22508. Appellant was tried for the additional offenses at the same time that he was tried for the matters that are the subject of these appeals. The trial court acquitted Appellant of the additional offenses.

3

for it. Specifically, she testified that, a few days after Appellant gave her the horse, he removed her pants and underwear at the stalls where they kept the horse, that he digitally penetrated her "vaginal area," and that he penetrated her "anal" with his penis. S.M.L. went on to testify in graphic detail about more than fifteen episodes of Appellant committing various acts of digital and penile penetration of her vagina and anus. Additionally, Appellant required S.M.L. to perform oral sex on him during some of these episodes, and he used various sex toys to penetrate her.

The last incident that S.M.L. described occurred on December 27, 2012. S.M.L.'s mother essentially caught Appellant in the act of sexually assaulting S.M.L. on this occasion. S.M.L. had been finger painting at their apartment that day. When she could not wash the paint off her hands, Appellant took her to his nearby shop to use some type of cleaner for her hands. After S.M.L. washed her hands, Appellant told her to take off her pants and lie down on the floor of his office. After spitting on S.M.L.'s "vaginal area," he rubbed it with his penis. He then told S.M.L. to go to a car is his shop, whereupon he had anal intercourse with her. While this was occurring, S.M.L.'s mother arrived to find Appellant's shop locked. L.E., S.M.L.'s mother, testified that she felt like Appellant and S.M.L. had been gone too long to wash her hands, so L.E. went to his nearby shop to check on them. L.E. thought it was odd that the door was locked, and she thought it took Appellant an unusually long time to open the door. L.E. found S.M.L. on the toilet crying and trembling.

After initially denying that anything had happened between her and Appellant, S.M.L. told L.E. that Appellant had assaulted her. L.E. immediately called the police to report the incident. Brownwood police officers arrived within a matter of minutes because Appellant's shop was located a very short distance from the police department. Officer Sky Self accompanied S.M.L. and L.E. to Brownwood Regional Medical Center for the purpose of a "SANE" examination to be performed

4

on S.M.L. He interviewed S.M.L. at the hospital in Brownwood about what had transpired between her and Appellant. Subsequently, S.M.L. was transported to Hendrick Medical Center in Abilene where a SANE examination was performed.[2] A vaginal specimen taken from S.M.L. at the hospital revealed the presence of semen. A DPS laboratory technician testified that DNA testing of this specimen revealed a "sperm cell fraction" that was consistent with a mixture from the DNA profiles of Appellant and S.M.L. Additionally, DNA testing of a specimen taken from a swab of Appellant's penis revealed a mixture of DNA from which Appellant and S.M.L. could not be excluded as the contributors.

*Analysis*

In his sole issue, Appellant contends that the trial court erred in permitting Officer Self to testify as an outcry witness. He asserts that L.E. was the proper outcry witness because she was the first adult that S.M.L. told about Appellant's abuse. The State called Officer Self as its first witness. The prosecutor asked him to testify about the allegations that S.M.L. reported to him at the hospital. Appellant objected to Officer Self's testimony on hearsay grounds. The trial court then received arguments from counsel concerning whether Officer Self qualified as an outcry witness. Appellant asserted that L.E. was the proper outcry witness because she was the first adult that S.M.L. told. The prosecutor responded by asserting that S.M.L. only told L.E. about the incident that occurred immediately prior to the police being called. The prosecutor read an excerpt of a statement from L.E. detailing that the only report that S.M.L. made to L.E. was that Appellant "tried to put his finger in my butt." The prosecutor argued that Officer Self was the first adult that S.M.L. told about the details of Appellant's conduct over the course of two years. The trial court overruled Appellant's objection and permitted Officer Self to testify about the details

---

[2]A SANE was not available at the hospital in Brownwood to examine S.M.L.

that S.M.L. reported to him. In making this ruling, the trial court determined that the report that L.E. received from S.M.L. only pertained to one of the acts of sexual abuse alleged in the indictment.

Officer Self testified that S.M.L. told him that Appellant had sexually assaulted her over the course of two years. She told him that it usually happened in her parents' bedroom when her mother was not home. He also testified as follows:

> [S.M.L.] told me [Appellant] had bought her a horse, that he often uses this as leverage to convince her that she needs to do the sexual acts that he describes so that she can keep the horse. She said bluntly that it is the same type of scenario every time. He will use his fingers to open her vaginal area up and her anus up and then he will proceed to have unprotected sex with her.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* at 391. A trial court has "broad discretion" to determine the admissibility of outcry evidence, and we will not disturb its determination as to the proper outcry witness absent a showing in the record that the trial court clearly abused its discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd).

Article 38.072 of the Texas Code of Criminal Procedure creates a hearsay exception for a child complainant's out-of-court "statements" that "describe . . . the alleged offense," so long as those statements "were made to the first [adult] person . . . to whom the child . . . made a statement about the offense." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (West Supp. 2016); *see Bays v. State*, 396 S.W.3d 580, 585 (Tex. Crim. App. 2013). Hearsay testimony from more than one outcry

witness may be admissible under Article 38.072 if the witnesses testify about different events. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (citing *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd)). Thus, admissible outcry witness testimony is event-specific, not person-specific. *Eldred v. State*, 431 S.W.3d 177, 181–82 (Tex. App.—Texarkana 2014, pet. filed); *Polk v. State*, 367 S.W.3d 449, 453 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Because designation of the proper outcry witness is event-specific, when a child is victim to more than one instance of sexual assault, it is possible to have more than one proper outcry witness—so long as the outcries concerned different events and not simply repetition of the same event told to different individuals. *Robinett v. State*, 383 S.W.3d 758, 762 (Tex. App.—Amarillo 2012, no pet.); *Brown v. State*, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref'd).

In cases where a child has been a victim to more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by the defendant against the child. *See Lopez*, 343 S.W.3d at 140. By its nature, the offense of continuous sexual abuse of a child involves more than one act of sexual abuse. The trial court determined that the initial report that S.M.L. gave to her mother only concerned the event that happened immediately preceding the report and that it only addressed one of the four acts of sexual abuse alleged in the indictment. Accordingly, we conclude that the trial court did not abuse its discretion in concluding that Officer Self was a proper outcry witness.

Moreover, improper outcry-witness testimony is harmless when other properly admitted witness testimony sets forth the same facts. *See Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd) (error in admitting improper outcry-witness testimony was harmless where the child complainant testified to the same facts contained in the outcry statement and was subject to cross-

examination).  Even if we were to assume that Officer Self's outcry testimony was erroneously admitted, it was harmless in light of the graphic, detailed testimony provided by S.M.L.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


August 18, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.