**Opinion issued September 22, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00893-CR

———————————

**MICHAEL ARTHUR ENRIQUEZ, SR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 13-CR-3121**

---

## MEMORANDUM OPINION

A jury convicted Michael Arthur Enriquez, Sr., of aggravated sexual assault

of a child as a lesser-included offense of continuous sexual abuse of a child. The

jury assessed his punishment at 28 years' imprisonment. On appeal, he contends

that the trial court erred in allowing two outcry witnesses to testify against him. Finding no error, we affirm.

## Background

On November 4, 2013, A.R., who was then ten years old, took the bus home from school.[1] When she arrived at the apartment where she lived with her two brothers and her mother, she found her uncle, Michael Enriquez, waiting for her. A.R. and her family were close to Enriquez's family and had lived with Enriquez several times in the past. Enriquez had offered to pick up A.R. at her apartment and bring her back to his house, where A.R.'s mother, Patricia, was doing laundry. A.R. went into her bedroom to change out of her school clothes. As A.R. was changing, Enriquez entered her bedroom. Enriquez took off A.R.'s shorts and underwear and sexually assaulted her. Enriquez then took a shower and drove A.R. to his house.

At Enriquez's house, A.R. did her homework while her family members visited with each other. After a few hours, A.R. and her mother returned home to get ready for bed. When Patricia was bathing her youngest son, she noticed a small washcloth in the tub that hadn't been there when she showered that morning. When Patricia asked A.R. why the washcloth was there, A.R. told her that she had taken a shower when she got home from school. Patricia believed that A.R. was

---

[1] We identify the complainant by a pseudonym to protect her anonymity.

lying, so she probed A.R. about why she had taken a shower. Eventually, after A.R. had given several unsatisfactory answers, Patricia spanked her and sent her to her room. When Patricia returned to A.R.'s room to ask again about the shower, A.R. told Patricia that Enriquez had touched her. A.R. did not provide any other details about how Enriquez touched her, nor did she tell Patricia about any other instances of inappropriate touching.

Patricia took A.R. to the hospital, where she was examined by a nurse for signs of sexual assault. The nurse collected a "rape kit" consisting of DNA samples taken from different parts of A.R.'s body. A few days later, Patricia took A.R. to the Children's Advocacy Center in Galveston, where Kimberly Keever, a forensic interviewer, interviewed A.R. A.R. told Keever that Enriquez had sexually assaulted her numerous times, beginning years before when she and her mother were living with Enriquez in Galveston. A.R. described these incidents in detail, alleging multiple instances of sexual assault. The interview ended when A.R., who was crying, refused to continue and asked to go home.

The State designated both Patricia and Keever as outcry witnesses. The trial court conducted a hearing pursuant to Article 38.072 of the Code of Criminal Procedure, at which Patricia and Keever testified. Enriquez challenged the designation of Keever as an outcry witness. Enriquez reasoned that because Patricia was the first person to whom A.R. described the acts of abuse, she was the

3

appropriate outcry witness, and that A.R.'s statements to Keener were not admissible as outcry testimony. The trial court allowed both Patricia and Keever to testify as outcry witnesses, but only as to the different instances of sexual abuse, citing *Robinett v. State*. 383 S.W.3d 758, 761–62 (Tex. App.—Amarillo 2012, no pet.).

At trial, Patricia recounted the events of November 4, 2013. Patricia testified that her daughter had told her that Enriquez touched her, and recounted taking her to the hospital and to the Children's Advocacy Center. She recalled that A.R. told her nothing further about the abuse earlier that day, only that Enriquez had touched her. The State then called Keever, who testified in detail about the several incidents of abuse that A.R. disclosed in their interview at the Children's Advocacy Center. After Keever's testimony, the State called A.R. She recounted Enriquez's acts of sexual abuse against her over the years. The State introduced the rape kit DNA results, through the testimony of the nurse who collected the rape kit samples and the forensic scientists who analyzed them. One of the swabs taken from A.R.'s vagina was consistent with Enriquez's DNA.

### Discussion

Enriquez contends that the trial court erred by admitting A.R.'s statements to both Patricia and Keever as outcry testimony.

4

## A. Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *Id.*; *see De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

Article 38.072 of the Code of Criminal Procedure allows for the admission of outcry statements made by a child complainant of certain crimes that would otherwise be inadmissible hearsay. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2005 & Supp. 2015); *see also* TEX. R. EVID. 802. These offenses include aggravated sexual assault and continuous sexual abuse of a child. *Id.*; *see also* TEX. PENAL CODE ANN. §§ 21.02, 22.021 (West 2011 & Supp. 2015). The outcry witness is the first person over the age of eighteen, other than the defendant, to whom the child made a statement regarding the offense, extraneous crime, wrong, or act. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3). The statement must be "more than words which give a general allusion that something in the area of child

5

abuse is going on." *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011) (quoting *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990)). Hearsay testimony from more than one witness may be admissible if the witnesses testify about different events. *Id.* (citing *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd)). There may, however, only be one outcry witness per event. *Id.*

## B.    Analysis

Enriquez correctly observes that in general, only one witness may provide outcry testimony as to a specific act of abuse. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a)(3) (limiting outcry testimony to first person to whom child made a statement); s*ee also Lopez*, 343 S.W.3d at 140; *Garcia*, 792 S.W.2d at 91; *Rodgers v. State*, 442 S.W.3d 547 at 547 (Tex. App.—Dallas 2014, pet. ref'd).

But different outcry witnesses may testify if the testimony is about different specific acts of abuse. For example, in *Rodgers*, the child complainant told his mother that "his uncle had been touching him." 442 S.W.3d at 548. Later that evening, the complainant was interviewed by a forensic interviewer, to whom he described multiple instances of sexual abuse. *Id.* The defendant challenged the State's designation of the forensic interviewer as the outcry witness. *Id.* at 552. Because the complainant's statements to his mother were only "general allusions

of abuse," the appellate court held that the forensic interviewer was the correct outcry witness. *Id.*

Here, as in *Rodgers*, A.R. told her mother only that Enriquez had touched her, alluding to the conduct that had occurred earlier that day. A.R.'s mother expressly testified that the statement related to the touching "that day." Therefore, A.R.'s statements to Patricia do not preclude Keever's testimony as an outcry witness for the other instances of sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3); *Lopez*, 343 S.W.3d at 140; *Rodgers*, 442 S.W.3d at 552.

## Conclusion

We hold that the trial court did not err in admitting the challenged testimony. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).