

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00026-CR

_____

BRYAN KEITH ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 45160-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Bryan Keith Roberts challenges his conviction for continuous sexual abuse of a child, John Doe,[1] and the resulting fifty-five-year sentence on the basis that it was an abuse of discretion to admit outcry testimony from Rex Doe, John's father and a sheriff's detective with experience investigating crimes against children. We disagree with Roberts' contention and affirm the trial court's judgment.

When sex crimes are alleged to have been committed against children, the law provides a hearsay exception allowing testimony by the first person eighteen years of age or older, other than the defendant, to whom the child victim makes an outcry about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3) (West Supp. 2016). To qualify as an outcry, the statement must discernibly describe the alleged offense, using more than just words generally suggesting that child abuse occurred. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Eldred v. State*, 431 S.W.3d 177, 181 (Tex. App.—Texarkana 2014, pet. ref'd); *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd). Hearsay testimony from more than one outcry witness may be admissible, but only if the witnesses testify about different events; there may be only one outcry witness per event. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Robinette v. State*, 383 S.W.3d 758, 762 (Tex. App.—Amarillo 2012, no pet.).

We review for an abuse of discretion a trial court's decision to admit testimony from an outcry witness. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991); *Eldred*, 431

---

[1]John Doe is a pseudonym of the victim, who was a minor during the abuse. To attempt to guard the victim's privacy, we also refer to his father with the pseudonym Rex Doe and to his mother with the pseudonym Reba Doe. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

S.W.3d at 182; *Brown v. State*, 189 S.W.3d 382, 385 (Tex. App.—Texarkana 2006, pet. ref'd). There is no abuse of discretion unless the trial court's decision is outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Eldred*, 431 S.W.3d at 182. Our review is done in light of what was before the trial court when the ruling was made. *Weatherred*, 15 S.W.3d at 542; *Eldred*, 431 S.W.3d at 183.

Roberts was tried on an amended charge for continuous sexual abuse of a child involving four types of alleged abusive acts, Roberts' penile penetration of John's anus, Roberts' penile penetration of John's mouth, Roberts' digital penetration of John's anus, and John's penile penetration of Roberts' mouth.

Before the trial was conducted, Roberts had objected and triggered a pretrial hearing on whether Rex's testimony would be allowed under the outcry exception. After receiving testimony on the subject, the trial court ruled that Rex was the first adult to whom John described the acts alleged to have been the basis of the charged offense[2] and that, therefore, Rex would be allowed to repeat in his testimony those details John had told him. Roberts claims that ruling to have been an abuse of discretion.

The evidence adduced at the pretrial hearing established that, before the outcry to Rex, John had reported abuse at the hands of Roberts to two other people, Brian Odom, a friend, and Reba, John's mother and Rex's ex-wife. According to that evidence, John told Odom that John had been "molested as a child," without providing particulars. John told Reba, vaguely, that

_____

[2]Although Roberts, on appeal, does not expressly claim that Rex was not the first person to whom discernable details were given, we understand the appellate argument in that fashion and address that issue.

Roberts had touched John, made him feel uncomfortable, masturbated in his sight, and done "something else" to him, but without detail. Reba immediately called Rex, who came over and, one-on-one, questioned John at length about the alleged abuse. During that exchange between John and Rex, John told Rex that Roberts forced John to put his mouth on Roberts' penis, that Roberts "put his thing in" John, and that Roberts touched John's private parts. Thus, under the evidence, Rex was the first person to whom John made any statement sufficient to describe discernable details of the charged offense. Because the evidence supports the trial court's ruling allowing Rex's testimony, there was no abuse of discretion.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 6, 2016
Date Decided:       December 21, 2016

Do Not Publish