**Opinion issued July 31, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00745-CR

————————————

**DERRELL BAINE EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 271st District Court**
**Wise County, Texas[1]**
**Trial Court Case No. CR24504**

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases between courts of appeals). Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. The parties have not cited, nor has our own research revealed, any conflict between the precedent of the Second Court of Appeals and that of this court on any relevant issue.

## MEMORANDUM OPINION

A jury convicted appellant of the offense of continuous sexual abuse of a child. *See* TEX. PEN. CODE § 21.02(b)(2)(A). The trial court assessed appellant's punishment at 55 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings this appeal, claiming that the trial court abused its discretion in admitting the hearsay statement of complainant. We affirm.

## Background[2]

The State offered Bonnie Foreman as its outcry[3] witness in this case.

Mrs. Foreman was a school counselor for 23 years, having worked at the school district for 42 years in total. On October 4, 2022, at 8:50 a.m., a student told Mrs. Foreman that another student, M.E.[4], wanted to harm herself. M.E. had reported to the other student that she and her mother were moving to Nevada, and that M.E.'s father, appellant, had raped her. Mrs. Foreman notified the school's principal, Jessica Bull, and met with M.E. in Mrs. Foreman's office. M.E. confirmed to Mrs. Foreman that M.E. was moving to Nevada with her mother because M.E. woke up one night and appellant was on top of her. When Mrs.

---

[2] Appellant does not challenge the sufficiency of the evidence, so we focus on the hearsay issue in this section.

[3] "Outcry" is a term of art used to describe the first disclosure statement that a child complainant makes to an adult. TEX. CODE CRIM. PROC. art. 38.072.

[4] We use initials to refer to the minor complainant. *See* TEX. R. APP. P. 9.10(a)(3).

Foreman asked M.E. whether this was the only time, M.E. responded that it had happened numerous times. Mrs. Foreman called the police, who arrived and prompted Mrs. Foreman to ask M.E. whether appellant penetrated her. M.E. answered, "yes." M.E. told Mrs. Foreman that the last time was in early September 2022 and that the abuse began when she was in the sixth grade. At about 2:00 p.m., one of the police officers took M.E. to the police station.

Prior to her telling Mrs. Foreman about the abuse, M.E. told her mother about the abuse. Mrs. Foreman was not aware of the exact conversation between M.E. and her mother. M.E.'s mother died prior to trial. Investigator Zach Bryden with the Wise County Sheriff's Office averred that he spoke with M.E.'s mother on October 10, 2022, and that M.E.'s mother told him that she spoke with appellant via telephone on September 25, 2022. During that conversation on September 25, 2022, appellant referenced a text message from M.E. confronting appellant about the abuse. During trial, M.E. testified that appellant "had called [M.E.'s mother] and told her what [M.E.] said and then [M.E.'s mother] had called [M.E.]" and M.E. "explained everything" to her mother.

Before trial, appellant filed a motion to suppress the outcry statement. At the hearing on the outcry statement, appellant objected "that Ms. Foreman was not the first person over the age of 18 to whom the statement was made."

The trial court ruled that Mrs. Foreman could testify about the contents of the original conversation she had with M.E. in Mrs. Foreman's office, but not about the confirmation of penetration Mrs. Foreman asked for from M.E. after the police suggested additional questions. Appellant did not make an additional objection before Mrs. Foreman began her trial testimony about M.E.'s purported outcry.

M.E. also testified at trial. M.E. lived in a small, three-bedroom trailer with appellant and a woman who was appellant's friend. At first, M.E. had her own room with a twin bed. Later, M.E. began sharing a twin bed with appellant in appellant's bedroom. Appellant and M.E. shared a bathroom, and appellant would walk in without knocking while M.E. was in the bathroom. On one occasion, M.E. was in the shower and appellant entered the bathroom. M.E. asked appellant to leave the bathroom, and appellant replied, "[n]o, you're my daughter. I used to change your diapers. It's fine." Appellant would pinch M.E.'s nipples and smack and pinch her butt.

M.E. testified that, while they were living in the trailer, she woke up to appellant trying to have sex with her. Appellant tried to penetrate M.E.'s vagina for 10 to 15 minutes but was unsuccessful.

Eventually, appellant and M.E. moved out of the trailer and into the house of another of appellant's friends, and ultimately to a camper on a farm. M.E. and

appellant lived in that camper from 2020 to 2022. In September of 2022, M.E. woke up to find appellant on top of her again. Appellant was naked, and M.E.'s shorts, underwear, and shirt had been pulled off her body. Appellant penetrated M.E. for 10 to 15 minutes. Another time in the camper, M.E. woke up after falling asleep watching TV to find her legs on appellant's shoulders while he was having sex with her. That time lasted 20 minutes.

### The Outcry Statement

Appellant complains that the "[t]rial court erred by allowing the testimony of an improper outcry witness causing injurious influence on the jury deliberation and therefore affecting a substantial right of the [a]ppellant."

### A. Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022) ("A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard."). A trial court abuses its discretion if its evidentiary ruling lies outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling falls within the zone of reasonable disagreement under any applicable legal theory, we will not intervene, even if the trial court gave an improper justification for its ruling. *De la Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). A trial court has broad discretion in determining the

admissibility of outcry evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (en banc).

If the trial court abused its discretion in admitting the evidence, the error does not warrant reversal unless it affected appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018) (stating erroneous admission of evidence is non-constitutional error that requires reversal only if it affected appellant's substantial rights). An error affects appellant's substantial rights only when the error has "a substantial and injurious effect or influence in determining the jury's verdict." *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). After examining the record as a whole, if we have fair assurance that the error did not influence the jury—or had but a slight effect—we will not reverse appellant's conviction. *Gonzalez*, 544 S.W.3d at 373. In reaching this conclusion, we consider: (1) the character of the alleged error and how it might be considered in connection with other evidence, (2) the nature of the evidence supporting the verdict, (3) the existence and degree of additional evidence indicating guilt, and (4) whether the State emphasized the complained of error. *Id.*

**B.    Analysis**

In a trial for a sexual offense under Chapter 21 of the Texas Penal Code, the hearsay statement of a child is admissible, provided that certain criteria are met.

TEX. CODE CRIM. PROC. art. 38.072. First, the party intending to offer the statement must, on or before the 14th day before the proceeding begins, notify the adverse party of its intention to introduce the statement, providing the name of the witness through whom it intends to offer the statement and a written summary of the statement. *Id*. art. 38.072(b)(1). Next, the trial court must conduct a hearing outside the presence of the jury and find that the statement is reliable based on the time, content, and circumstances of the statement. *Id*. art. 38.072(b)(2). The child must be available to testify at the proceeding for the outcry statement to be admitted. *Id*. art. 38.072(b)(3).

Admission of outcry witness testimony is not person-specific, but event-specific. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). When the complainant makes an unspecific statement that is a general allusion that abuse has occurred, the complainant does not make an outcry within the purview of article 38.072. *Bargas v. State*, 252 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). The proper outcry witness is not to be determined by comparing the statements the child gave to different individuals and then deciding which person received the most detailed statement about the offense. *Robinett v. State*, 383 S.W.3d 758, 761-62 (Tex. App.—Amarillo 2012, no pet.) (internal citations omitted). Because designation of the proper outcry witness is event-specific, it is

possible to have multiple outcry witnesses in a single trial, where the outcries concerned different events. *Id*. at 762.

In *Dobbs v. State*, the court of appeals held that the trial court did not abuse its discretion in designating a forensic interviewer as an outcry witness even though the complainant disclosed abuse to two other adults before the forensic interviewer. *Dobbs v. State*, 699 S.W.3d 799, 809 (Tex. App.—Dallas 2024, no pet.). In *Dobbs*, the State gave notice of two outcry witnesses: the forensic interviewer and a sheriff's deputy. *Id*. at 808. The testimony at the outcry hearing revealed that the complainant also disclosed abuse to the principal and assistant principal at her school, the high school counselor, and another deputy prior to the forensic interviewer, but without any details. *Id*. At trial, the deputy in the State's notice could not be located. *Id*. Reasoning that "it was uncertain what information, if any, [the deputy] knew," the court of appeals held that the trial court's ruling was supported by the record. *Dobbs*, 699 S.W.3d at 809.

Similar to the court in *Dobbs*, at the time of the outcry hearing in this case, the trial court did not have the benefit of knowing what M.E. told her mother and when. There was no evidence that M.E. gave her mother more than "a general allusion that abuse [had] occurred," and therefore nothing for the trial court to rely upon in designating M.E.'s mother as the proper outcry as opposed to Mrs. Foreman. *Bargas*, 252 S.W.3d at 894. Although M.E. later testified at trial that she

"explained everything" to her mother, it is not clear from this record what "everything" entailed. By contrast, Mrs. Foreman testified that M.E. disclosed that she had woken up "numerous times" with her father on top of her, a specific allegation of abuse. As such, we cannot say that the trial court abused its discretion in admitting the hearsay statements through Mrs. Foreman. *Dobbs*, 699 S.W.3d at 809.

## Conclusion

We affirm the judgment.


Amparo "Amy" Guerra
Justice


Panel Consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).